IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **SERRANO JUAN PABLO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:06-00285 |
| ) | |
| **CHARLES T. FELTS,** ) | |
| **Warden, FCI Beckley,** ) | |
| ) | |
| **Defendant.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 18, 2006, Plaintiff, acting *pro se*, and formerly incarcerated at FCI Beckley, in Beaver, West Virginia, filed a letter expressing concern regarding various issues at FCI Beckley. (Doc. No. 1 at 1.) Plaintiff states that he wishes to:

> communicate a series of problems that exist in this center of rehabilitation, where all types of criminal activities are permitted and drug trafficking as well as misconduct on the part of staff and correctional officers[.] The Medical Services leave much to say as the administrator is mismanaging the resources of the institution, and the resources of the nation, as evident by functionaries, of the Bureau of Prisons and Department of Justice, a certain amount of money for programs for federal offenders and the truth is that in this place they are stealing the money[.]

(Id. at 1-2.) Plaintiff further states that Warden Charles T. Felts, Captain Hutchens, L.T. Investigator Ellison, and all staff and administrators violate the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution as well as the Universal Human Rights Constitution. (Id. at 2.)

By Order filed on April 19, 2006, the undersigned advised Plaintiff that his letter did not constitute an adequate statement of a claim under the Federal Rules of Civil Procedure. (Doc. No. 3.) The undersigned advised Plaintiff that he must state more specifically how staff at FCI Beckley

has allegedly violated his constitutional and civil rights and that he must name the individuals who did so. Plaintiff was further advised that if he wished to file a Complaint against one or more persons for violating his constitutional and civil rights, he should use the form provided for such actions and that he must pay the required $350.00 filing fee or submit an Application to Proceed *in Forma Pauperis* in conformity with 28 U.S.C. § 1915(a)(1) and (2). Plaintiff was also advised that if he failed to do as the undersigned directed by May 19, 2006, the undersigned would submit Proposed Findings and Recommendation that the matter be dismissed. On May 2, 2006, Plaintiff filed a letter form motion which was docketed as a "Motion to Extend Time to Amend Complaint and Motion for Appointment of Counsel." (Doc. No. 4.) Similar to the letter that he initially filed with the Court, Plaintiff made vague allegations concerning the conditions of his confinement at FCI Beckley. Plaintiff indicated that he had either been placed in segregation or that he was fearful of being placed in segregation and that prison officials had been known to have prevented prisoners from filing lawsuits by refusing to mail legal papers, confiscating legal materials, punishing prisoners who have legal skills, and denying prisoners access to the law library. (Id. at 1-3.) Plaintiff further made the statement that "[a] vague fear of racial violence is not a sufficient justification for a broad policy of racial segregation." (Id. 3.) In support of his Motion, Plaintiff attached various documents which include: (1) Plaintiff's Memorandum regarding Intergovernmental Corruption addressed to the Federal Bureau of Investigations; (2) letters from the Department of Justice responding to Plaintiff's allegations that Hispanic prisoners at FCI Beckley do not receive the same educational and rehabilitation programs as white prisoners; (3) Plaintiff's letter alleging that criminal activities, drug trafficking, discrimination, and racism are prevalent at FCI Beckley; (4) correspondence from Charles T. Felts, Warden of FCI Beckley, responding to

Plaintiff's allegations of staff misconduct indicating that his allegations have been investigated by the Special Investigator Supervisor and that his allegations have been determined to be unsubstantiated and without merit; (5) a Notice of Disciplinary Hearing; and (6) a Program Review Report.

On May 5, 2006, Plaintiff filed a second letter form motion which was docketed as a "Motion to Extend Time to Amend Complaint." (Doc. No. 5.) Plaintiff essentially stated the same grounds in support of his Motion as those raised in his first motion seeking to extend the time to amend his Complaint.

On May 18, 2006, Plaintiff filed a letter indicating that prison officials may threaten him in order to prevent him from prosecuting this civil action. (Doc. No. 6.) Plaintiff specifically states:

> Special Housing L[ieu]tenant and other prison officials they will try to threaten to me and scare me away from continuing with my suit. I know cannot keep to me into administrative segregation solely to punish for filing my law suit or any other - reason or for bed space, my legal mail rights still are violate because my "team" in mail officer open my mail before give to me, all administration ready know all of block of legal document I send to the court, all administration staff and correctional officer have be[e]n violate all U.S.C. Amendment. This means that prison officials are not allowed to read or censor this type of incoming mail[.] However, they can open it and inspect it for contraband as long as they do it in front of me, but all this people in everyone as very corrupt because broken all, human rights, civil rights, and U.S.C. Amendment.

(Id. at 1 and 2.)

By Order filed on February 2, 2007, the undersigned noted that Plaintiff failed to file a proper Complaint as well as pay the $350.00 filing fee or file an Application to Proceed *in Forma Pauperis* within the requisite time period as directed by the undersigned's Order filed on April 19, 2006. (Doc. No. 7.) Nevertheless, given Plaintiff's allegations that he had been threatened not to prosecute this civil action, the undersigned found that Plaintiff's pending motions to extend time to

3

amend his Complaint essentially request an extension of time to comply with the directives of the Court's April 19, 2006, Order. Accordingly, the Court granted Plaintiff's motion to amend his Complaint and again directed Plaintiff to file a Complaint setting forth the specific allegations as to how staff at FCI Beckley has allegedly violated his constitutional and civil rights and name the individuals who did so. The Court also directed Plaintiff to either pay the $350.00 requisite filing fee or file an Application to Proceed *in Forma Pauperis*. The Order was returned on February 15, 2007, marked "Return to Sender - No longer at this address." (Doc. No. 8.) The Federal Bureau of Prisons' Inmate Locator indicates that Plaintiff was released on June 29, 2006. See http://www.bop.gov/iloc2/LocateInmate.jsp(search "Juan Pablo Serrano"). The Court has inquired as to Plaintiff's current residence address and learned that he is no longer living in the United States. Pursuant to Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia, "[a] *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number." Plaintiff has failed to do so in this case. Accordingly, the undersigned has determined that Plaintiff has failed to take any steps to prosecute this action and therefore, Plaintiff's Complaint in this case should be dismissed.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [1] and Rule 41.1 of the Local

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect Thereof**. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to *sua sponte* dismiss an action for a *pro se* Plaintiff's failure to prosecute. See <u>Link v. Wabash R. R. Co.</u>, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

<u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff as the Defendant has not been required to make an appearance in this action. Plaintiff has not paid the requisite filing fee or filed an Application to Proceed *in Forma Pauperis*. Moreover, Plaintiff has not defined his claims by filing an appropriate Complaint as directed in the Court's April 19, 2006 and February 2, 2007 Orders. The undersigned, however, acknowledges that Plaintiff may not have received the Court's Order entered on February 2, 2007 directing him to file a Complaint and either pay the requisite filing fee or file an Application to Proceed *in Forma Pauperis*, but emphasizes that it is

Plaintiff's obligation pursuant to Rule 83.5 of the Local Rules of Civil Procedure for the Southern District of West Virginia[2] to promptly notify the clerk of any changes in name, address, and telephone number. With respect to the second factor, the undersigned finds that the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion." Concerning the third factor, the undersigned does not find that the Defendant will be prejudiced by dismissal of Plaintiff's Complaint. In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of his failure to pay the filing fee. Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** this case without prejudice for failure to prosecute.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E.

---

[2] Rule 83.5 of the Local Rules of Civil Procedure for the Southern District of West Virginia states, in part:

> A party who represents himself or herself shall file with the clerk his or her complete name and address where pleadings, notices, orders, and other papers may be served on him or her, and his/her telephone number. A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.

Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

DATE: April 4, 2007.

R. Clarke VanDervort
United States Magistrate Judge